# PECHMAN LAW GROUP PLLC
### ATTORNEYS AT LAW

488 MADISON AVENUE
NEW YORK, NEW YORK 10022
(212) 583-9500
WWW.PECHMANLAW.COM

June 20, 2016

**VIA ECF**

Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 11A
New York, NY 10007

Re:  *Aigner Bazunu, et al. v. Stand Up 236 LLC, et al.*
16 Civ. 00449 (GBD) (KNF)

Dear Judge Daniels:

We are the attorneys for plaintiffs Aigner Bazunu and Lareisha Reynolds (hereafter referred to collectively as "plaintiffs"). Together with defense counsel, the parties submit this joint letter to inform Your Honor that they have settled their dispute and memorialized the terms of their settlement in the enclosed settlement agreement (the "Settlement Agreement"). In accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the parties submit the Settlement Agreement for the Court's review and approval and request that, following approval of the Agreement, the Court dismiss this action with prejudice.

## PROCEDURAL HISTORY

Plaintiffs commenced this action by filing a Complaint on January 21, 2016, in which they allege that they worked as servers at Stand Up NY. Plaintiffs allege that they worked solely for tips. Plaintiffs allege they regularly worked between thirty and forty hours per workweek and numerous daily shifts that spanned across more than ten hours. Plaintiffs also allege that defendants did not furnish plaintiffs with wage statements at the end of each workweek or with annual wage notices. Plaintiffs also allege that defendants unlawfully retained tips belonging to the waitstaff, improperly allowed managers to receive tips and deducted overhead expenses from their gratuities. Upon these facts, plaintiffs sought to recover unpaid minimum wages, spread-of-hours pay, misappropriated gratuities, statutory and liquidated damages, interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL").

Early in the litigation, the parties agreed to exchange damage calculations and engage in settlement discussions. The parties were ultimately able to agree on a

Hon. George B. Daniels
June 20, 2016
Page 2

settlement amount. The parties now submit an executed Settlement Agreement to this Court for its approval.

### THE SETTLEMENT IS FAIR AND REASONABLE

The Settlement Agreement reached by the parties provides for defendants to pay plaintiffs $50,000.00 (the "Settlement Sum") to resolve the case. After attorneys' fees and expenses, plaintiffs will receive $32,973.33 of the total settlement amount, which shall be allocated to each plaintiff based on their individual dates of employment and hours worked. Plaintiffs' counsel calculated plaintiffs' unpaid minimum wages, spread of hours pay, and tip disgorgement damages to be $21,114.81. Thus the payment plaintiffs will be receiving (even after subtracting attorneys' fees) compensates them fully for all of the unpaid wages they allege they are owed including an addition amount for liquidated damages.

Defendants will pay the Settlement Sum in four payments all to be paid on or before September 30, 2016. The first payment is due ten business days after this Court approves the Settlement Agreement and the following three payments will be paid in twenty-five day intervals thereafter with all payments due no later than September 30, 2016. The parties negotiated a modest payout schedule in order to give defendants time to pay this substantial settlement which is secured by confessions of judgment executed by defendants on behalf of themselves personally and on behalf of the corporation.

The parties also agreed to mutual releases concerning claims associated with the employment relationship between plaintiffs and defendants. Notably, plaintiffs worked for defendants for a relatively short period of time,[1] no longer work for defendants and have represented that they have no knowledge of any additional potential claims that they may have against defendants. *See, e.g., Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 U.S. Dist. LEXIS 151144, at *4 n. 2 (S.D.N.Y. Nov. 6, 2015) (approving broad general releases in FLSA settlements as long as they are mutual and plaintiffs are no longer employed by defendants). The Agreement also includes a mutual non-disparagement clause that prohibits plaintiffs and the individual defendants and their managers and supervisors from disparaging each other.

The Settlement Agreement resolves bona fide disputes and reflects a reasonable compromise over sharply contested issues that led to the parties resolving this matter early in the litigation. The parties principally disagreed about the hours worked by plaintiffs. Defendants' position is that all hours were electronically recorded and based on those records plaintiffs worked approximately 747.71 total hours. However, plaintiffs' position is that these time records are incomplete, as servers were required to do substantial pre and post shift work that was unaccounted for. Plaintiffs estimate that

---

[1] Plaintiff Aigner Bazunu worked for five months and Lareisha Reynolds worked for six months.

they worked approximately 1,830 total hours. Given the fact-intensive analysis required in this case, proceeding to trial would consume significant amounts of time and resources, possibly including the resources used to resolve this matter. Moreover, proceeding to trial represents high risk to all parties, particularly because of the parties' sharply conflicting testimony regarding plaintiff's hours of work. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

This settlement was reached after the parties exchanged detailed damage calculations and after numerous arms-length discussions between counsel well-versed in wage and hour law and after the parties conducted a thorough investigation, evaluated the claims and defenses, and had a series of discussions regarding the valuation of the case.

Since the filing of the case, plaintiffs' counsel has spent significant time in negotiations with defendants and has used its considerable expertise and experience in providing a satisfactory result to plaintiffs. In accordance with the retainer agreement signed by plaintiffs, attorney's fees are one-third of the total settlement amount plus reimbursements of costs.[2] *See Matter of Lawrence*, 24 N.Y.3d 320, 339 (2nd Cir. 2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."); *see also Villalva-Zeferino v. Park*, No. 15 Civ. 6932, 2016 U.S. Dist. LEXIS 19125, at *4 n. 2 (S.D.N.Y. Feb. 17, 2016) (Pitman, H.) ("I do not address the fee arrangement between plaintiff and his counsel because I do not believe I am required to do so under *Cheeks*.") As Judge Ellis has explained, "retainer agreements containing contingency fees of one-third are standard in FLSA cases and routinely approved by courts in this Circuit." *Janko et al. v. Patsy's Italian Rest. Inc.*, No. 15 Civ. 4995 (RLE), at *2 (S.D.N.Y. June 10, 2016). In any event, the allocation of $16,486.67 to plaintiffs' counsel approximates the lodestar.

All parties agree that the settlement is fair and reasonable and should be approved by the Court. This settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses. Continuing through trial would consume significant amounts of time and resources and demand substantial judicial resources. A trial would be costly for all parties and could lead to the depletion of the resources used to resolve this matter. The settlement reached is for plaintiffs alone and will not prejudice any other employee or former employee of defendants from pursuing a claim against defendants in the future.

---

[2] Plaintiffs' costs seek to be reimbursed for a total of $540.00, consisting of $400 in filing costs and $140 in process server fees.

Hon. George B. Daniels
June 20, 2016
Page 4

Thank you for your consideration and attention to this matter.

Respectfully submitted,

Louis Pechman

Enclosure

cc: Ilan Weiser, Esq.